# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 26, 2020

Lyle W. Cayce
Clerk

No. 19-40263
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRYAN SMITH,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1212-2

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Bryan Smith pleaded guilty to conspiracy to transport an undocumented alien in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (a)(1)(A)(v)(I), and (a)(1)(B)(i). At sentencing, Smith requested a "substantial downward departure" from the guidelines sentencing range based upon, *inter alia*, his serious medical and mental health issues. The district court sentenced Smith within the guidelines

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40263

range to 48 months of imprisonment and three years of supervised release. Smith timely appealed.

Smith contends that the district court erred in not departing downward under U.S.S.G. § 5H1.3 and U.S.S.G. § 5H1.4 due to his physical and mental health conditions. This court lacks jurisdiction to review the denial of a downward departure unless the denial was based on the district court's mistaken belief that it lacked the authority to depart. *See United States v. Lucas*, 516 F.3d 316, 350-51 (5th Cir. 2008); *United States v. Alaniz*, 726 F.3d 586, 627 (5th Cir. 2013). The record in this case does not reflect that the district court was unaware of its authority to depart from the Sentencing Guidelines. Nor does Smith allege that the district court was unaware of such authority. As such, this court lacks jurisdiction to review the district court's denial of Smith's request for a downward departure. *See Lucas*, 516 F.3d at 350.

The judgment of the district court is AFFIRMED.